*944 OPINION.
Marquette:
The Commissioner has held that the amounts returned by the partners in their respective returns as their distributive shares in the partnership earnings are in error, since those earnings were improperly reduced by the deduction of the payment made to Clark, said payment constituting a capital expenditure in the nature *945 of a purchase of Clark’s interest in the good will of the predecessor partnership. On the other hand, appellants contend that the good will of the business was expressly retained, under the provisions of the partnership agreement of July 9, 1912, for the principal firm of Deloitte, Plender, Griffiths & Co., in England, and the “ New York firm,” as such; that the “American” members of said firm were prevented from obtaining any interest or share in the name or good will of the “New York firm” or the “London firm”; that since Clark, upon his retirement, had no interest or share in such good will, he had none such which he could sell to the “ London firm ” or to the new partnership; and that said payment to Clark was in reality in the nature of a pension or similar compensatory payment that the partnership had obligated itself to make to one who was terminating his connection with the partnership after many years of service, and, as such, constitutes an ordinary and necessary expense of doing business which may properly be deducted in computing the partnership net income for the purpose of determining the distributive shares of the respective partners.
The appeal raises but one issue, and that pertains to the nature of the payment made by the partnership, of which appellants are members, to Robert Thomas Clark. Did it represent a payment in the nature of a pension or similar compensatory payment to one who was terminating his connection with the partnership after many years of service, as contended by the appellants, or a payment to Clark for the purchase of his. interest in the good will of the predecessor partnership, as contended by the Commissioner? We believe that it was neither, and that the contentions of both parties on this proposition are in error.
Clark rendered no service whatever to the new partnership; he was not even a member of the firm. How, then, could we regard-this payment to him as a pension or similar compensatory payment after many years of service? Clark, upon his retirement from the predecessor business, had no interest whatever in the good will of the business which could be made the subject of barter and sale. How, then, could there have been a purchase from him by the partnership of such an interest? .
The liability for the payment to Clark was, under the provisions of article 42 of the articles of copartnership of the predecessor firm, primarily that of its English members. This liability was assumed by the present partnership; and, while not expressly stated in the partnership agreement, we may well imply that it represents a consideration on the part of the partnership for the capital contribution made thereto by its English members.
The same ends would have been served had the members of the “London firm” liquidated this liability themselves and contributed *946 a proportionately less capital, without disturbing their distributive interests, to the new partnership. Surely, under such circumstances, no one would have maintained that the partnership had incurred a deductible expense.